**UNTIED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. 15-00135 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| JONATHAN S. ROBERTS | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

On May 21, 2020, Defendant Jonathan S. Roberts ("Roberts") filed a letter motion (Record Document 41) requesting clarification of his sentence. Specifically, he asks for federal "credit for all the time I did from the time I got indicted." Id. He also asks for the Court to run his federal and state sentences concurrently. See id.

The Court has no authority to grant Roberts the relief he requests. Pursuant to 18 U.S.C. § 3585(b), the Attorney General, through the Bureau of Prisons ("BOP"), is charged with calculating a defendant's credit for any time served in federal custody prior to sentencing. If a defendant wishes to challenge this calculation, he must, first, exhaust his available administrative remedies through the BOP before litigating in federal court. See United States v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 1354–55 (1992). After exhaustion of all administrative remedies, the defendant may then seek review in federal court by filing a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in the district where he is incarcerated. See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). In this case, Roberts has made no showing that he has exhausted his administrative remedies through the BOP.

Additionally, 18 U.S.C. § 3584(a) provides that "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to

run concurrently." Thus, a district court must state in its sentencing order that sentences run concurrently; otherwise, the sentences run consecutively. See United States v. Eiland, 711 F. App'x 730, 731 (5th Cir. 2017), citing Free v. Miles, 333 F.3d 550, 553 (5th Cir. 2003). There is a "presumption of consecutiveness in circumstances where a federal sentence predates a state sentence arising from the same conduct." Eiland, 711 F. App'x at 731, citing Hunter v. Tamez, 622 F.3d 427, 431 (5th Cir. 2010) ("[T]he district court here offered no opinion as to whether [Defendant's] sentences should run consecutively or concurrently ... accordingly, his state and federal sentences ran consecutively, because the district court did not specify otherwise."). Here, the judgment is silent as to whether Roberts' federal sentence was to run concurrently or consecutively to his state sentence. See Record Document 27. The presumption of consecutiveness applies to Roberts' federal sentence.

Accordingly,

**IT IS ORDERED** that Roberts' letter motion requesting credit for time served and for his state and federal sentence to run concurrently (Record Document 41) be and is **DENIED WITHOUT PREJUDICE** to his right to re-file after he has exhausted his administrative remedies with the BOP.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this the 22nd day of May, 2020.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT